IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

HAMPTON PUGH                                    PLAINTIFF/
COMPANY LLC                              COUNTER-DEFENDANT

v.                    No. 3:17-cv-200-DPM

MONSANTO                                         DEFENDANT/
COMPANY                                   COUNTER-CLAIMANT

DIVINE AND SERVICE LTD,
doing business as D&S LTD                        DEFENDANT

## ORDER

For many years, Hampton Pugh has bought and re-sold seed, fertilizer, and crop-related items from Monsanto. Hampton Pugh filed this case in the Circuit Court of Desha County, alleging usury, fraud, and deceptive trade practices in that relationship. That Circuit Court sits in Hampton Pugh's south Arkansas hometown, McGehee. D&S collects on accounts for Monsanto; Hampton Pugh sued that limited partnership, too. Monsanto and D&S removed the case. Their timely notice established diversity jurisdiction: the parties are completely diverse; and the amount in controversy exceeds $75,000. They answered. Monsanto also counterclaimed for breach of contract and unjust enrichment, saying Hampton Pugh owes it several hundred thousand dollars. Monsanto and D&S also moved to transfer to the

United States District Court for the Eastern District of Missouri. They invoked a forum selection clause in an agreement between the parties. Hampton Pugh responded with a motion to remand, as well as arguments against transfer to the Eastern District of Missouri. Monsanto and D&S then acknowledged that they had made a mistake in removal procedure: they removed the case to the wrong division—the Jonesboro division, not the Pine Bluff division, which includes Desha County. They've asked the Court to correct the divisional mistake with a 28 U.S.C. § 1406(a) transfer, and then enforce the forum selection clause with a 28 U.S.C. § 1404(a) transfer. Hampton Pugh presses for a return to the state court it chose. If the case is removed to the Pine Bluff division, Hampton Pugh argues, in a fall-back point, it should stay there.

The general removal statute says certain cases "may be removed by the defendant or the defendants[] to the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The statute specifying removal procedure echoes and emphasizes this point. The defendant "shall file in the district court of the United States for the district and division within which such action is pending a notice of removal" covering specific ground. 28 U.S.C. § 1446(a). A plaintiff such as Hampton Pugh, who does not want to waive a removal defect that doesn't involve subject matter jurisdiction, has thirty days after the notice to move for remand. 28 U.S.C. § 1447(c). Hampton

Pugh's motion was timely. Out of respect for Arkansas and her courts, which do most of the law work in this state pursuant to their general jurisdiction, this court must construe all the removal statutes strictly. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002); *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007). No binding precedent from the United States Court of Appeals for the Eighth Circuit exists in these particular circumstances. The parties' citation of many cases from across the country reflects this gap. The leading treatise says the circuits are divided, and suggests that curing this kind of defect by transfer, rather than remanding the case, is the more sensible outcome. 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3739 at 821–24 (4th ed.). Monsanto and D&S emphasize a close decision from this Court that took this route. *Scoular Company v. DJCB Farm Partnership*, 2009 WL 2241592 (E.D. Ark. 24 July 2009). Hampton Pugh emphasizes an older decision from the Western District of Arkansas that ordered remand. *Willingham v. Creswell-Keith, Inc.*, 160 F. Supp. 741, 743–44 (W.D. Ark. 1958). Both precedents are entitled to respect, but neither binds.

The Court agrees with the parties that their dispute is not about subject matter jurisdiction. It exists. Otherwise, remand would be mandated. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be

remanded." 28 U.S.C. § 1447(c). Instead, the dispute calls on the Court's judgment in applying the removal statutes. For five reasons, the Court concludes that this case should be remanded.

First, the statute's rule about where to remove is clear. The correct district and division are required. This is not a situation in which the law's requirement is vague or opaque.

Second, the key verb in the statute prescribing the general removal requirements is shall. When Congress uses that word it usually means must. *Kingdomware Techs., Inc. v. United States*, 136 S. Ct. 1969, 1977 (2016).

Third, 28 U.S.C. § 1447(c) authorizes timely motions to remand based on non-jurisdictional defects. This provision's premise is that defects of this kind can justify remand.

Fourth, this area of the law needs clear and certain criteria. Parties and courts need to know — at the door — where cases will be handled. The initial thirty-day deadlines help achieve this clarity. If removed cases come with the likelihood of tangled motions asking what are essentially substantial compliance questions, then certainty will be compromised and cases will bog down, as this one has. The law about removal should minimize that possibility.

All four of these reasons arise from a strict construction of the removal statutes. Respecting the plenary jurisdiction of the state courts and the limited jurisdiction of this Court drives that construction. The

*Scoular* decision is reasonable, pragmatic, and commendably forgiving of human error. But it does not wrestle with the principle that parties must turn square corners when effecting or disputing removal. Where the statute gives no particulars, there's some flexibility. How all the defendants express their consent to removal is a good example. *Griffioen v. Cedar Rapids and Iowa City Railway Co.*, 785 F.3d 1182, 1187–88 (8th Cir. 2015). If procedural defects are cured (or at least ventilated) within the thirty-day removal period, then no harm, no foul. *Macri v. M & M Contractors, Inc.*, 897 F. Supp. 381, 383–84 (N.D. Ind. 1995). As Hampton Pugh argues from the record in *Scoular*, something similar happened there: the defendant recognized its venue mistake, and moved for transfer during its removal period. Supplying an omitted paper would probably fall in the same category. *But see Kisor v. Collins*, 338 F. Supp. 2d 1279 (N.D. Ala. 2004) (omitted state court summons led to remand). Highlighting cases that would come out differently leads to a fifth and final reason for remand.

The Court must consider all the circumstances here and weigh this procedural defect. There was no complicated legal question about which court to remove to. *Compare Scoular*, 2009 WL 2241592 (defendant followed the wrong venue provision). The statute creating the divisions in the Eastern District of Arkansas is clear about which counties are in which divisions. 28 U.S.C. § 83(a). There was no confusion created by the names of various courts and divisions.

*Compare Shamrock Manufacturing Co. v. Ammex Corp.*, 2010 WL 3153976, at *1 (E.D. Cal. 9 Aug. 2010)(eastern district versus eastern division of central district). No elusive *pro-se* co-defendant was involved. *Compare Lewis v. West Memphis Meadows 1998 Apartments LP*, No. 3:14-cv-92-DPM, № 14. Each side is represented by able and experienced counsel. Each side has a forum preference and is working hard to secure its choice. Monsanto and D&S have provided no explanation for the mistake, and the Court concludes it was simply the kind of fumble that human beings, including careful lawyers, make every day. Monsanto and D&S did not seek to cure the mistake during their removal period. If the removal had been a day late under the statute because of a calendaring error, remand would almost certainly result. *Schild v. Tymco, Inc.*, 842 F. Supp. 225, 226 (M.D. La. 1994). If the attached state court file had been incomplete, that hole probably could be filled, especially if the omitted material wasn't a critical document. *Usatorres v. Marina Mercante Nicaraguenses*, 768 F.2d 1285, 1286-87 (11th Cir. 1985) (per curiam). Removing a case to the wrong division of the right court is more akin to missing the deadline than to omitting a state court paper. Monsanto and D&S have offered no case-specific circumstances that would justify the Court in holding that this removal defect should be cured by transfer.

For all these reasons, Monsanto's embedded request for a divisional transfer is denied; and Hampton Pugh's motion, № 12, is

granted. The case is remanded to the Circuit Court of Desha County, Arkansas. 28 U.S.C. § 1447(d).

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

4 January 2018